GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
JOHN C. MITCHELL.

Delivered March 10, 1898.

1. **Continuance—Diligence.**

A first application for continuance by reason of the absence of witnesses should be granted where the applicant shows due diligence.

2. **Jury—Impaneling.**

The court's failure to have the jury drawn in accordance with the law providing for the impaneling of juries, whereby the appellant exhausted his challenges upon the list furnished him before the jury was formed, and was obliged to accept talesmen without an opportunity to challenge them, is erroneous.

3. **Railway Company—Killing Animals on Track.**

A railroad company is not liable, without proof of negligence, for the loss of an animal killed upon a crossing put in and maintained, with proper cattle guards, at the request and for the benefit of the owner of the animal killed.

APPEAL from the County Court of Fort Bend. Tried below before Hon. J. S. McEACHIN.

*J. W. Terry* and *Chas. K. Lee,* for appellant.

*William Masterson,* for appellee.

GARRETT, Chief Justice.—This suit was brought to recover the value of a jack killed by the appellant's cars. The animal was. killed at a crossing near the town of Rosenberg, in Fort Bend County. At this place the track of the appellant runs parallel with that of the Galveston, Harrisburg & San Antonio Railway, both running in an east and west direction, the appellant's track lying south of the other. Appellee's farm is situated on the north side of the Galveston, Harrisburg & San Antonio Railway track. The crossing is a private crossing over both tracks, and was put in and is maintained at the request of the appellee. The tracks are fenced on both sides up to the crossing, at which there are cattle guards to prevent stock from going upon the inclosed right of way. On the north side next to appellee's farm there is a gate in the right of way fence which extends along the right of way of the Galveston, Harrisburg & San Antonio Railway without interruption, but on the south side along the line of appellant's right of way there is no fence for a space of 60 feet left for the crossing. A fence had been there originally, but had been discontinued for about three years. There was no evidence that the appellee made any objection to the discontinuance and the failure of the appellant to keep up this fence. The evidence shows that the animal was killed upon the crossing, but it was not shown how it got outside of appellee's inclosure. The judgment of the court below must be reversed for three reasons. First, because of the action of the court below in overruling the appellant's application for a continuance. The subpoena for the witnesses Moore and Black was issued five days before the case was called for trial and on the next day after the appellant had filed its answer. It is shown by the bill of exceptions that Moore lived in the town of Richmond, within four blocks of the courthouse, and had an office within one block thereof, and had been in town during the time, but the subpoena was returned without service upon him. The application stated that affiant was advised that Black was at work in the county not far from the town of Richmond when the subpoena was issued, and did not learn otherwise until too late to take his deposition. It did not state the residence of the witness. The facts show that the appellant was not wanting in diligence as to the witness Moore, and it being its first application for a continuance, the court should have granted it.

Second, the court erred in refusing to have the jury drawn in accordance with the law provided for impaneling juries. Appellant shows that it exhausted its challenges upon the list furnished it before the jury was formed, and was obliged to accept talesmen without an opportunity to challenge.

Third, the animal having been killed upon a crossing put in and maintained with proper cattle guards at the request and for the benefit of the appellee, the company is not liable for the loss of the animal without proof of negligence upon the company's part. It is not shown that the crossing was put in and maintained as a private crossing in accordance with the Revised Statutes of 1895, articles 4427, et seq. But even

if it had been, it does not appear from these provisions of the statute that it was the duty of the appellant to fence the crossing and maintain a gate to the same. For the reason above stated, that the crossing was put in and kept at the request of the appellee and for his benefit, the company would not, without negligence, be liable to him for his stock killed thereon, and the court should have so instructed the jury. Reversed and remanded.

*Reversed and remanded.*